UNITED STATES DISTRICT COURT NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM A. BELL,

                Petitioner,
  -against- MEMORANDUM
 AND ORDER
UNITED STATES OF AMERICA, 07-CV-4420 (ERK)

                Respondent
------------------------------------------------------------X

KORMAN, District Judge:

On September 26, 2007, petitioner, presently residing in Rochdale, New York, filed this petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging a 2005 conviction. For the reasons set forth below, the petition is dismissed for lack of subject matter jurisdiction.

**Background**

William Bell was convicted of the embezzlement or theft of public money, property or records on April 20, 2005 by this Court and sentenced to a term of one year and one day and three years supervised release, and ordered to pay restitution of $114,347.00. On April 6, 2007, having served his prison sentence and having successfully served a portion of his supervised release, petitioner moved for an order for early termination of the remainder of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). See Bell v. United States, 07-CV-1613 (ERK). Petitioner's motion was granted on June 7, 2007 and petitioner's supervised release was terminated. Id., docket entry no. 10, Letter from United States Probation Department dated June 20, 2007 ("The purpose of this correspondence is to inform you that on June 7, 2007, the Honorable Edward R. Korman . . . ordered early termination as per your request. Your case has been closed.").

1

**Discussion**

Petitioner files this motion under his criminal docket number, United States v. Bell, 03-CR-589 (ERK), seeking an Order "vacating and setting aside his conviction." Affirmation in Support of Motion at 1. The Court construes his motion as a habeas petition filed pursuant to 28 U.S.C. § 2255 as the only possible basis for this Court's jurisdiction.

28 U.S.C. § 2255 states in pertinent part:

> A prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional "in custody" requirement of 28 U.S.C. § 2255. Carafas v. LaValee, 391 U.S. 234, 238 (1968) ("The federal habeas federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is *filed*."); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994); United States v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960) ("A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody.")

Although physical confinement is not necessary in order for a prisoner to challenge his sentence, see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963) (holding prisoner on parole remains "in custody"), the Supreme Court has never gone so far as to hold that "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491 (1989) (emphasis in original).

In the instant matter, petitioner has fully served his sentence. Because petitioner filed this habeas petition on September 26, 2007, one hundred twelve days after his term of supervised release expired on June 7, 2007, I find that at the time of the filing, he was not "in custody," Maleng, 490 U.S. at 491, and he is not entitled to relief under § 2255. Thus, this Court is without jurisdiction to entertain his habeas corpus claim.

**Conclusion**

Accordingly, the petition is dismissed for lack of subject matter jurisdiction. Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should be issued. 28 U.S.C. §2253(c)(2).

SO ORDERED.

*Edward R. Korman*
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
November 27, 2007

| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------------------X

WILLIAM A. BELL,

        Petitioner,

-against-

                                        CIVIL JUDGMENT

UNITED STATES OF AMERICA,            07-CV-4420 (ERK)

        Respondent

-------------------------------------------------X

        Pursuant to the order issued today by the undersigned dismissing the petition, it is,

        **ORDERED, ADJUDGED AND DECREED:** That the petition is hereby dismissed. For purpose of any appeal, the Court certifies pursuant to 28 U.S.C. 1915 (a)(3) that any *in forma pauperis* appeal would not be taken in good faith.

SO ORDERED.

*Edward R. Korman*

EDWARD R. KORMAN
United States District Judge

Dated:  Brooklyn, New York
         November 27, 2007